UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| GLENN R. CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.: 2:12-CV-283 (VARLAN/GUYTON) |
| STEPHANIE INKELAAR, FIDELITY BANK, GERALD M. SHAPIRO, JOE M. KIRSCH, and SHAPIRO AND KIRSCH, LLP, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendants Stephanie Inkelaar ("Inkelaar") and Fidelity Bank's ("Fidelity") (collectively, "Fidelity defendants") Corrected Motion to Dismiss [Doc. 10] and a separate Motion to Dismiss [Doc. 12] filed by defendants Gerald Shapiro ("Shapiro"), Joe Kirsch ("Kirsch"), and Shapiro and Kirsch, LLP ("Shapiro & Kirsch") (collectively, "Shapiro & Kirsch defendants"). In response, plaintiff, appearing *pro se*, filed a Motion for Leave [Doc. 15] in which plaintiff requests leave to file an amended complaint. Defendants responded [Docs. 16, 17]. For the reasons discussed herein, the Fidelity defendants' motion to dismiss [Doc. 10] will be **GRANTED**, the Shapiro & Kirsch defendants' motion to dismiss [Doc. 12] will also be **GRANTED**, and plaintiff's motion to amend [Doc. 15] will be **DENIED.** All defendants will be **DISMISSED,** and the case will be **CLOSED**.

I.      Facts

This case involves real property located at 3213 Duchess Drive in Kingsport, Tennessee, where plaintiff resided after purchasing the home on December 17, 1999 and assuming the mortgage payments from its previous owner [Doc. 4 ¶1]. One of the mortgage lenders was Fidelity [*Id.* ¶ 6]. Although it is unclear from the complaint, at some point plaintiff defaulted on his mortgage obligations and Fidelity initiated non-judicial foreclosure proceedings, with Shapiro & Kirsch acting as Fidelity's agent in executing the foreclosure [Doc. 1]. On April 4, 2012, plaintiff allegedly attempted to pay off the mortgage obligation by sending to Fidelity, via Electronic Funds Transfer (EFT), $69,477.78, the amount plaintiff contends was quoted by Shapiro & Kirsch as the total payoff amount for the home [*Id.* at 1:15]. Inkelaar, acting as an employee of Fidelity, did not accept this payment [*Id.*].

On April 18, 2012, plaintiff sent a letter to Shapiro & Kirsch requesting information related to Shapiro & Kirsch's business and arguing that Fidelity's rejection of his payment settled his payment obligations on the note [*Id.*]. On May 7, 2012, plaintiff sent a letter to Fidelity via certified mail requesting an unencumbered deed to the property [*Id.* at 1:18]. Defendants did not respond to these letters.

Plaintiff then filed this *pro se* lawsuit on July 11, 2012. In his complaint, plaintiff asserts three claims against defendants: 1) "deliberate fraud and attempted theft by remaining silent . . . and continuing with a non-judicial foreclosure[;]" 2) a cause of action for "denying the plaintiff's rights to Amendment V11 [*sic*] of the United States of

America by fraud by silence[;]" and 3) a claim entitled "full payment refused" [Doc. 1 at 1:18]. Plaintiff seeks compensatory damages in the amount of $50,000 to "reimburse him for his time" as well as an unencumbered deed to his property [*Id.* at 2:23]. On July 24, 2012, Fidelity responded with the present motion [Doc. 10], contending that the Court lacks subject matter jurisdiction and that plaintiff failed to state a claim upon which relief could be granted [*Id.* at 1]. Shapiro & Kirsch filed its motion on August 6, 2012, arguing that plaintiff failed to state a claim for relief [Doc. 12].

On July 26, 2012, plaintiff's home was sold at a foreclosure auction for $75,453.52, at which time plaintiff informed "the substitute trustee" conducting the auction that a lawsuit had been filed [Doc. 15-1 at ¶ 13].[1] When plaintiff asked for a copy of the court order authorizing the foreclosure, the substitute trustee refused to provide him with that information [*Id.* at ¶ 14].

Plaintiff then filed his motion to amend [Doc. 15] on August 21, 2012. In the proposed amended complaint [Doc. 15-1], plaintiff appears to continue to pursue a claim for fraud against all defendants as well as assert a claim under 42 U.S.C. § 1983. The Fidelity defendants and Shapiro & Kirsch defendants submitted separate responses in opposition to the motion to amend [Docs. 16, 17].

---

[1] A typographical error in the complaint causes the numbering to be repetitive.

## II. Analysis

### A. Motions to Dismiss

#### 1. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading must "contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

As noted, plaintiff has elected to proceed *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se* —to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

2.  **Position of the Parties**

In support of their motion to dismiss, the Fidelity defendants first contend that the Court lacks subject matter jurisdiction, given the fact that at the time plaintiff filed his lawsuit his home was only subject to a prospective foreclosure and had not yet been foreclosed upon [Doc. 10 at 1]. The Fidelity defendants also contend that the complaint fails to state a claim upon which relief can be granted [*Id.*]. The Shapiro & Kirsch defendants similarly argue that plaintiff fails to state a claim against them [Doc. 12 at 1]. Specifically, the Shapiro & Kirsch defendants argue that plaintiff has not met the standards for alleging fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure [Doc. 13 at 5]. The Shapiro & Kirsch defendants contend that plaintiff has not alleged any fraudulent "statement, action, or omission by Shapiro & Kirsch" and has not put forward any allegation "setting forth the time, place and content of any fraud" [*Id.*]. The Shapiro & Kirsch defendants also argue that plaintiff's Seventh Amendment claim fails because that amendment does not create a private cause of action [*Id.* at 6], and that plaintiff's third claim does not set forth "what claim is being brought" and whether it "stands a plausible chance at being successful" [*Id.*]. As the same analysis applies to all defendants, the Court will analyze whether any of plaintiffs' claims adequately state a claim for which relief can be granted.

3.  **Fraud**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." *See Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) ("'[A]llegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'") (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

> [A] complaint is sufficient under Rule 9(b) if it alleges the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud, and enables defendants to prepare an informed pleading responsive to the specific allegations of fraud.

*United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009) (internal quotations omitted). "A court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

In order to state a claim for fraud under Tennessee law, a plaintiff must plead the following elements: (1) a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact, (4) the false representation was made knowingly, without belief in its truth, or recklessly; (5) the plaintiff reasonably relied on the misrepresentation; and (6) the plaintiff suffered damages as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck,*

*Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008); *see also Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (grouping the requirements into four elements).

Upon review of plaintiff's complaint, and construing all inferences in plaintiff's favor, plaintiff has failed to plead adequately a claim of fraud against either the Fidelity or Shapiro & Kirsch defendants, even under the lenient standard applied to *pro se* plaintiffs. Plaintiff alleges that he tried to remit a payment to Fidelity based on a quote given to him by Shapiro & Kirsch, and that Fidelity returned the payment and continued with the non-judicial foreclosure sale [Doc. 1 at 1:14-16]. Plaintiff further claims that when he tried to contact defendants they "failed to respond to demands for information requested" [*Id.* at 2:4-5]. From these facts, plaintiff cannot establish the elements required for fraud under Tennessee law.

As to the Shapiro & Kirsch defendants, Plaintiff has not alleged that Shapiro & Kirsch made any knowingly false statements of material fact to him. Plaintiff alleges that Shapiro & Kirsch gave plaintiff a payoff amount, which would entitle him to keep his home. However, plaintiff does not specifically identify the communication in which Shapiro & Kirsch made this representation to him, thus failing to provide notice to Shapiro & Kirsch as to what statement is being claimed as false. Plaintiff further does not allege that the payoff amount given to him by Shapiro & Kirsch was false or incorrect, nor does plaintiff allege that Shapiro & Kirsch knew the payoff amount was false when they related this information to him. Plaintiff similarly does not allege that Fidelity rejected his payoff amount because it was incorrect, so that he was damaged as a

result of Shapiro & Kirsch's alleged misrepresentation. Without alleging any facts to substantiate the claim, plaintiff asks the Court to infer that, because Fidelity rejected plaintiff's payment, Shapiro & Kirsch knowingly told plaintiff the wrong payoff amount. Plaintiff's complaint lacks the specificity required under Rule 9(b), and his claims amount to no more than "bare assertions" of fraud against Shapiro & Kirsch. *Sanderson*, 447 F.3d at 876. Because plaintiff has not alleged facts necessary to support the elements for a claim of fraud against Shapiro & Kirsch, his fraud claim against these defendants will be dismissed.

Plaintiff has similarly failed to allege specific facts to show that Fidelity's rejection of his payoff and subsequent foreclosure of his home were part of a fraudulent scheme. Plaintiff's allegations against the Fidelity defendants center on Fidelity's lack of response by "remaining silent and not responding to my demands and continuing with a non-judicial foreclosure" [Doc. 1 at 2:15]. Plaintiff does not allege any misrepresentation by the Fidelity defendants, nor does he allege that the Fidelity defendants had a duty to disclose something to him and failed to do so. Plaintiff infers that because his payment was rejected, and he was not given information as to why his payment was rejected after he requested it, the rejection was part of a fraudulent scheme to deprive plaintiff of his home. However, plaintiff has not alleged any specific facts to support this conclusion. Such conclusory allegations are proscribed by *Twombly* and *Iqbal* and are further inadequate under the specificity requirements of Rule 9(b). Accordingly, plaintiff's claim of fraud against the Fidelity defendants will be dismissed.

4. **Seventh Amendment**

Plaintiff asserts a claim against defendants for "denying the plaintiff's rights to Amendment V11 [*sic*] of the United States of America by fraud by silence by continuing with a non-judicial foreclosure sale" [Doc. 1 at 2:16]. Defendants assert that the Seventh Amendment does not create a private right of action.

"The Seventh Amendment protects a litigant's right to a jury trial where there exists a cause of action at common law, or one analogous thereto, for legal relief, where the amount in controversy exceeds twenty dollars." *Martin v. Telectronics Pacing Sys., Inc.*, 105 F.3d 1090, 1101 (6th Cir. 1997) (quotation marks omitted). Plaintiff has not alleged any facts tending to show that the acts of defendants in conducting a non-judicial foreclosure sale violated his Seventh Amendment right to a jury trial, particularly as there was no action pending in any court at the time of the foreclosure.[2] Plaintiff has not stated a claim for relief against defendants, even under the liberal pleading standards of Rule 8 and the leniency afforded to *pro se* plaintiffs. Accordingly, this claim will be dismissed as to all defendants.

5. **"Full Payment refused"**

Plaintiff lists "Count 3" of his complaint as a claim for "Full Payment refused" [Doc. 1 at 1:18]. Although it is unclear from the face of the complaint, it appears that this

---

[2] To the extent plaintiff argues that the non-judicial foreclosure sale itself was unconstitutional, that argument is addressed, *infra*, in discussing plaintiff's motion to amend and due process claims.

portion of the complaint does not apply to the Shapiro & Kirsch defendants, as plaintiff only alleges that Fidelity, acting through Inkelaar, rejected the payment he submitted.

Plaintiff has not stated any claim against the Fidelity defendants upon which this Court could grant relief. Even under the leniency afforded to *pro se* plaintiffs, plaintiff does not describe to what claim the act of refusing payment is related. Plaintiff does not provide any "viable legal theory" for which this Court could grant plaintiff recovery or any factual allegations to support his claim. *Scheid*, 859 F.2d at 436-37. The claim that his payment was refused, without more, amounts to the type of "the-defendant-unlawfully harmed-me accusation" the *Iqbal* Court found to be inadequate under Rule 8. 556 U.S. at 678. Accordingly, this claim against Fidelity will be dismissed.[3]

B. **Plaintiffs' Motion to Amend**

1. **Standard of Review**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of any apparent or declared reason," which may include, but is not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349

---

[3] Because the Court finds dismissal under Rule 12(b)(6) for failure to state a claim to be appropriate as to the Fidelity defendants, the Court need not address Fidelity's argument concerning subject matter jurisdiction.

F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Plaintiff contends that granting the motion to amend [Doc. 15] would render moot the respective defendants' motions to dismiss. In his proposed amended complaint, plaintiff continues to assert a claim of fraud but also seeks to bring a claim against defendants for a violation of his civil rights under 42 U.S.C. § 1983 [Doc. 15-1 at 1:9]. Specifically, plaintiff references the Due Process clauses of the Fifth and Fourteenth Amendments, and appears to argue that the foreclosure of his home by defendants violated his due process rights [*Id.* at 1:10-11]. In response, the Shapiro & Kirsch defendants argue that amendment is improper because plaintiff's proposed amendments are futile, as the proposed amended complaint fails to state a claim upon which relief could be granted [Doc. 16 at 3]. The Fidelity defendants adopt this argument [Doc. 17 at 1].

    2.  **Fraud**

As to plaintiff's continued assertion of a claim of fraud against defendants, the amended complaint suffers from the same flaw as plaintiff's initial complaint, in that it does not set forth the alleged fraudulent scheme in which defendants were involved, or

how plaintiff relied on this fraud to his detriment. The additional facts plaintiff sets forth do not adequately allege that either the Fidelity or Shapiro & Kirsch defendants engaged in any fraudulent acts towards plaintiff and do not aid plaintiff in establishing a plausible claim. The Court finds that permitting plaintiff to amend his complaint would thus be futile; accordingly, plaintiff's motion to amend the portion of his complaint related to the claim of fraud will be denied.

### 3. Due Process Violation

Plaintiff's proposed amended complaint also includes a cause of action under § 1983 for a violation of his Fifth and Fourteenth Amendment due process rights. Defendants argue that plaintiff can assert no claim under § 1983 because neither was acting under color of state law.[4]

In pertinent part, the Fourteenth Amendment provides: "[n]o State shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Due Process Clause of the Fourteenth Amendment applies only to state action, not private conduct. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Craft v. Memphis Light, Gas, and Water Div.*, 867 F.2d 684,

---

[4] The Court notes that, although plaintiff cites to the Fifth Amendment's Due Process Clause, that clause only circumscribes actions by the federal government. *Scott v. Clay Cnty.*, 205 F.3d 867, 873, n. 8 (6th Cir. 2000). As it is state law that enables the foreclosure procedures at issue in this case, the Court will analyze the claim under the Fourteenth Amendment. *See Cornwell v. Bradshaw*, 559 F.3d 398, 410, n. 6 (6th Cir. 2009) (construing Fifth Amendment due process claim as a Fourteenth Amendment claim since state was responsible actor, rather than federal government).

687 (6th Cir. 1976) ("[T]he Fourteenth Amendment requires due process only if 'state action' is 'depriv(ing) any person of life, liberty or property.'") (internal quotation marks and citation omitted). Similarly, a plaintiff bringing a claim under § 1983 must show he was deprived of a federal constitutional right "*by a person acting under color of state law.*" *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis in original). In *Paige*, the Sixth Circuit recognized that the state action analysis for the Fourteenth Amendment and § 1983 are the same because both proscribe "only states (as opposed to private entities) from depriving individuals of due process." *Id.*

"A private party's actions constitute 'state action' where those actions may be fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (*en banc*). "[T]he actions of a private party will not be attributed to the state unless the state actually compels the action." *King v. Emery*, No. 87-5419, 1988 WL 1101, at *1 (6th Cir. Jan. 11, 1988); *see also United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) ("[W]here state involvement in private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action if the private party would not have acted without the authorization of state law.").

In *King*, the Sixth Circuit addressed a constitutional challenge to several Tennessee statutes, which recognized and enforced non-judicial foreclosures, as well as a lawsuit against the lenders who brought foreclosure, as violations of the Due Process clause. *King*, 1988 WL 1101 at *1. The court affirmed the district court's conclusion that a private foreclosure sale does not constitute state action and that the mere

14

recognition or allowance of a private foreclosure does not amount to the level of compulsion required to establish state action. *Id.* (citing *Flagg*, 436 U.S. 149). The Sixth Circuit had previously held that state statutes enforcing and regulating self-help repossession under power of sale provisions do not constitute state action. *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 29 (6th Cir. 1975). Since *King*, this Court and others have consistently held that non-judicial foreclosures do not amount to state action. *See Drake v. Citimortgage, Inc.*, No. 1:10-CV-305, 2011 WL 1396774, at *3-4 (E.D. Tenn. Apr. 13, 2011) (citing cases); *Holton v. Wells Fargo Bank, N.A.*, No. 1:11-CV-65, 2012 WL 928060, at *5-6 (citing to *Drake* and other cases finding that non-judicial foreclosures do not constitute state action).

In light of the Sixth Circuit's decision in *King* and this Court's findings in *Drake* and *Holton*, plaintiff has not alleged any facts that the act of foreclosing upon his home by these private defendants constituted state action. Accordingly, plaintiff cannot assert that defendants acted under the color of state law to violate his Fourteenth Amendment due process rights or otherwise state a plausible claim for relief under § 1983. As the proposed amended complaint does not state a claim upon which relief could be granted, the Court will deny plaintiff's Motion to Amend [Doc. 15] as futile.

## III. Conclusion

Accordingly, and for the reasons stated, the Fidelity defendants' motion to dismiss [Doc. 10] will be **GRANTED**, the Shapiro & Kirsch defendants' motion to dismiss [Doc. 12] will be **GRANTED**, and plaintiff's claims against all defendants will be

15

**DISMISSED**. Plaintiff's motion to amend [Doc. 15] will be **DENIED**, and this matter will be **CLOSED**.

ORDER ACCORDINGLY.

<pre>
                              s/ Thomas A. Varlan                
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>